STATE, GEORGE W. CHILDS, CHARLES M. FRY AND JOHN SLOANE, PROSECUTORS, v. JOHN HOWLAND, COLLECTOR OF THE LONG BRANCH COMMISSION.

If an assessor, in making his assessment for taxes, appraises real estate at its true value, and from the value of the personal estate of each person deducts $500 and appraises the residue at one-third of its value, and on the appraisement so made computes each one's tax, the court will ascertain what would have been a lawful appraisement and correct the levy accordingly.

On *certiorari* to review the taxes levied against the prose-cutors in the year 1885 for the use of the Long Branch Com-mission.

Argued at February Term, 1886, before Justices DEPUE, DIXON and REED.

For the prosecutors, *John S. Applegate.*

For the defendants, *Henry M. Nevius.*

The opinion of the court was delivered by

DIXON, J.    Among the reasons assigned against the taxes brought up by this writ many are of such a nature as not to warrant any action by the court.    Some of them, however, point to definite illegalities in the assessment, which are estab-lished by the evidence, and require judicial correction.

The assessor testifies that while he endeavored to appraise real estate at its full value, he allowed to each tax-payer a deduction of $500 from his personal estate, and appraised the residue at about one-third of its full value.    This was a plain violation of official duty.

The property taxable under the general laws of this state embraces both realty and personalty, and the constitution re-quires that all property assessed, personal as well as real, shall be assessed according to its true value; nor is any such general deduction as was made permitted.

The taxable property of the prosecutors was largely real estate, and consequently they appear to have been charged with an undue proportion of the common burden.

We are not, however, authorized, for this reason, to set aside the tax, but are required by the act of March 23d, 1881, (*Pamph. L., p.* 194,) to ascertain for what sum the prosecutors were legally liable to taxation, and to make a proper levy upon them therefor.    The proofs hitherto taken do not enable us to perform this duty, and hence an order may be entered directing a commissioner of the court to inquire into and re-

port the true value of the property subject to taxation for the year 1885 within the jurisdiction of the Long Branch Commission, and what percentage thereof will raise the amount needed for that year, and the true value of the property of the prosecutors upon which that percentage is chargeable. On the coming in of such report, we will impose the lawful tax in lieu of that complained of in these proceedings.